Civil Action No. 19-mc-51-RGA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MAXUS ENERGY CORPORATION, *et al.*,<br><br>　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 16-11501 (CSS)<br>(Jointly Administered) |
| MAXUS LIQUIDATING TRUST,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>YPF S.A., et al.,<br><br>　　　　　　Defendants. | Adversary Proceeding No. 18-50489 (CSS) |
| YPF S.A., et al.,<br><br>　　　　　　Appellants,<br><br>v.<br><br>MAXUS LIQUIDATING TRUST,<br><br>　　　　　　Appellee. | Appeal from the United States Bankruptcy Court for the District of Delaware |

**YPF APPELLANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL OF BANKRUPTCY COURT'S ORDER DENYING APPELLANTS' MOTION TO DISMISS COMPLAINT**

---

[1] The Debtors in the above-captioned Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425). The address of each of the Debtors is 10333 Richmond Avenue, Suite 1050, Houston, Texas 77042.

| | |
|---|---|
| **SIDLEY AUSTIN LLP**<br>James F. Conlan (admitted *pro hac vice*)<br>Jessica C. Knowles Boelter (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Fax:  (312) 853-7036<br>jconlan@sidley.com<br>jboelter@sidley.com<br><br>**SIDLEY AUSTIN LLP**<br>John G. Hutchinson (admitted *pro hac vice*)<br>John J. Kuster (admitted *pro hac vice*)<br>Martin B. Jackson (admitted *pro hac vice*)<br>Andrew P. Propps (admitted *pro hac vice*)<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone:  (212) 839-5300<br>Facsimile:  (212) 839-5599<br>jhutchinson@sidley.com<br>jkuster@sidley.com<br>mjackson@sidley.com<br>apropps@sidley.com | **LANDIS RATH & COBB LLP**<br>Adam G. Landis<br>Matthew B. McGuire<br>919 Market Street, Suite 1800<br>Wilmington, DE 19801<br>Telephone: (302) 467-4400<br>Facsimile:  (302) 467-4450<br>landis@lrclaw.com<br>mcguire@lrclaw.com |

*Counsel for Appellants YPF S.A., YPF International S.A., YPF Holdings, Inc., and CLH Holdings, Inc.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

    I.    The Trust's Alter Ego Claim in Count I Must Be Dismissed ...................................2

        A.    Whether Alter Ego Can Be Asserted as an Independent Cause of
Action Is a Controlling Question of Law......................................................3

        B.    Whether an Alter Ego Claim Can Be Based Solely on Creditors'
Claims Is a Controlling Question of Law .....................................................4

    II.    The Allegations in the Complaint Do Not Satisfy Any of the Factors
Required for Applying the Collapsing Doctrine ......................................................6

    III.    Granting Leave to Appeal Will Materially Advance the Litigation .........................7

CONCLUSION..................................................................................................................8

Case 1:19-mc-00051-RGA   Document 9   Filed 04/10/19   Page 4 of 14 PageID #: 118

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Caplin v. Marine Midland Grace Trust Co.*,
  406 U.S. 416 (1972)..................................................................................................5

*Emoral, Inc. v. Diacetyl (In re Emoral, Inc.)*,
  740 F.3d 875 (3d Cir. 2014).................................................................................3, 8

*Eugenia VI Venture Holdings, Ltd. v. Maplewood Holdings LLC (In re AMC Investors, LLC)*,
  524 B.R. 62 (Bankr. D. Del. 2015)..........................................................................6

*Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*,
  No. 16-1343, 2016 WL 8256412 (E.D. Pa. Sept. 16, 2016).....................................7

*LaSalle Nat'l Bank v. Perelman*,
  82 F. Supp. 2d 279 (D. Del. 2000)...........................................................................3

*Miller v. Kirkland & Ellis LLP (In re IH 1, Inc.)*,
  No. 12-50713, 2016 WL 6394296 (Bankr. D. Del. Sept. 28, 2016).........................6

*U.S. Bank Nat'l Assn. v. Verizon Commc'ns, Inc.*,
  761 F.3d 409 (5th Cir. 2014)....................................................................................6

*Yaquinto v. Ward (In re Ward)*,
  558 B.R. 771 (Bankr. N.D. Tex. 2016)....................................................................6

**STATE CASES**

*N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp.*,
  Docket No. ESX-L-9868-05, 2015 N.J. Super. LEXIS 230 (N.J. Super. Ct. Jan. 13, 2015)...........................................................................................................4

*Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*,
  No. 1571-N, 2006 WL 4782378 (Del. Ch. Aug. 10, 2006).................................5, 6

*Vichi v. Koninklijke Philips Electronics N.V.*,
  No. 2578-VCP, 2009 WL 4345724 (Del. Ch. Dec. 1, 2009)...................................7

**FEDERAL STATUTES**

28 U.S.C. § 158(a)(3).......................................................................................................1

Pursuant to 28 U.S.C. § 158(a)(3), and in accordance with Rule 8004 of the Federal Rules of Bankruptcy Procedure and the so-ordered Stipulation to Extend Time [D.I. 3], the YPF Appellants hereby file their reply memorandum in further support of their motion for leave to appeal the Bankruptcy Court's Order and Letter Opinion.[2]

## PRELIMINARY STATEMENT

1.  Although the Trust attempts to paint the Letter Opinion as a run-of-the-mill decision, the Trust cannot dispute, and expressly admitted at oral argument, that no court has ever (i) permitted a trustee to assert an alter ego claim based solely upon a debtor's creditors' claims (YPF Br. 10-11), (ii) applied Delaware law and permitted a party to assert a standalone alter ego claim for recovery that is not based upon any of the underlying legal claims alleged in the complaint, (iii) used the collapsing doctrine to save claims that are time-barred by more than a decade, especially when none of the facts alleged in the complaint satisfies any of that doctrine's elements, or (iv) applied the collapsing doctrine to unjust enrichment and civil conspiracy claims to circumvent the applicable statute of limitations. Everything about the Letter Opinion is unprecedented and fundamentally alters how bankruptcy is understood and conducted. The fact that these new rules of law are being applied against a foreign government-owned defendant in favor of the United States government as a creditor makes immediate review essential.

2.  Interlocutory review will correct the unprecedented and reversible legal holdings set forth in the Letter Opinion, and materially advance the resolution of the proceeding, as Count I of the Complaint for the creditors' claims accounts for up to $14 billion, whereas the total amount of the fraudulent transfer and other claims is for less than $2 billion. Without immediate review,

---

[2] Capitalized terms not defined herein have the same meaning as defined in the YPF Appellants' moving brief.

the Letter Opinion creates a dangerous precedent that alters established law and incentivizes trustees to assert alter ego liability in order to circumvent applicable statutes of limitations.

## ARGUMENT

3.  The YPF Appellants previously demonstrated that this interlocutory appeal easily satisfies the applicable Third Circuit standard. (YPF Br. 6-16). The Trust responds that (i) the Letter Opinion simply "carried forward the legal framework of a 'collective proceeding'" with respect to alter ego jurisprudence, (ii) the fraudulent transfer claims depend upon factual matters, and (iii) reversal would not materially advance termination of the litigation because viable common law claims may still remain even if this Court reverses the Bankruptcy Court. (Opp. 11.) Each of the Trust's arguments is wrong.

### I. The Trust's Alter Ego Claim in Count I Must Be Dismissed

4.  The Trust has chosen to ignore the uncontroverted law cited by the YPF Appellants, holding that alter ego is not an independent cause of action under Delaware law (YPF Br. 8-10), and cannot be based solely upon creditors' claims (*id.* 10-11). Instead, unable to overcome its express admission that no court has ever allowed a trustee to assert a standalone alter ego claim against shareholders to recover on creditors' claims,[3] the Trust erroneously argues that the Bankruptcy Court's holding is consistent with existing law, which law the Trust fails to identify because it does not exist. (Opp. 11-13.) Next, the Trust argues that the YPF Appellants should be estopped from contesting the Trust's right to use an alter ego claim to assert creditor claims because the YPF Appellants previously argued (and still contend) that the Bankruptcy Court was required to follow the Third Circuit's decision in *Emoral, Inc. v. Diacetyl (In re Emoral, Inc.)*, 740 F.3d

---

[3] Jan. 22 Tr. 153:1-16 [Adv. D.I. 100].

2

875 (3d Cir. 2014). (Opp. 13-15.) The Trust is again wrong, confirming that interlocutory review is warranted.

### A. Whether Alter Ego Can Be Asserted as an Independent Cause of Action Is a Controlling Question of Law

5.  Notwithstanding the absence of any cases holding that Delaware law permits an alter ego to be pursued as an independent cause of action, the Trust principally argues that the Bankruptcy Court correctly preserved the Trust's alter ego claim by holding that "[w]hen coupled with allegations of another wrong, such as breach of fiduciary duty or a fraudulent conveyance, alter ego can constitute an independent claim." (Opp. 12 (quoting Letter Opinion 3).) The Trust's argument fails for several reasons.

6.  First, under Delaware law, every alter ego claim requires an allegation of fraud or other improper conduct. *See LaSalle Nat'l Bank v. Perelman*, 82 F. Supp. 2d 279, 295 (D. Del. 2000) ("a plaintiff must prove that the corporate form causes fraud or similar injustice"). Thus, contrary to the Trust's assertion that the Letter Opinion "did not break any new legal ground on alter ego jurisprudence" (Opp. 11), the holding that alter ego can constitute an independent claim "when coupled with allegations of another wrong" is a sea change in the law because it would permit every alter ego claim to proceed as an independent claim since an alter ego claim, by definition, requires a plaintiff to prove fraud or similar injustice. To the extent that the Bankruptcy Court intended to say that alter ego may proceed if the remedy is supported by an underlying and timely cause of action for a fraudulent conveyance or for breach of fiduciary duty, the YPF Appellants agree, but only to the extent of a recovery on that underlying claim. But Count I is not based on <u>any</u> underlying cause of action for fraudulent transfer, breach of fiduciary duty or anything else; it merely seeks to move all of the Debtors' creditors' claims over to the YPF

Appellants—something no court has ever permitted, and the Bankruptcy Plan expressly did not do.

7.  Second, the Trust fails to distinguish the numerous cases cited by the YPF Appellants which hold that alter ego is not an independent cause of action, and it fails to cite to even a single case holding otherwise. As explained by the New Jersey court that dismissed nearly identical claims asserted against the YPF Appellants by one of the Debtors' creditors: "Alter-ego liability is not a separate cause of action; it is a remedy. 'Before invoking the doctrine, a plaintiff must first establish an independent basis to hold the corporation liable.'" *N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp.*, Docket No. ESX-L-9868-05 (PASR), 2015 N.J. Super. LEXIS 230, at *25 (N.J. Super. Ct. Jan. 13, 2015) (quoting *In re Casini*, 307 B.R. 800, 811-12 (Bankr. D.N.J. 2004)).

### B. Whether an Alter Ego Claim Can Be Based Solely on Creditors' Claims Is a Controlling Question of Law

8.  The YPF Appellants also established that while alter ego liability can be pursued by a trustee as a remedy for valid fraudulent transfer claims properly belonging to a debtor, a liquidation trustee lacks standing to pursue individual creditor claims that have not been assigned to the trust. (YPF Br. 10-11.) In response, the Trust wrongfully asserts that the YPF Appellants should be judicially estopped from making this argument because they allegedly took contrary legal positions before the Bankruptcy Court (Opp. 13-15). The Trust's argument is wholly unfounded.

9.  First, the Trust attempts to manufacture a difference in the YPF Appellants' submissions by quoting from one submission to the Bankruptcy Court, wherein the YPF Appellants argued: "if a claim is a general one, with no particularized injury arising from it, that may be asserted by any creditor, only a debtor's estate may bring it." (Opp. 6). Far from taking a

contrary position, the YPF Appellants made this same point again in their initial brief submitted to this Court, asserting: "While YPF Appellants agree that the alter ego remedy is a generalized remedy that belongs to a debtor's estate, it must be supported by a cause of action that also belongs to the estate—and the Trust's alter ego remedy based solely upon creditors' claims is not." (YPF Br. 10.)

10.  In making its argument, which it did not make below, the Trust conflates two distinct issues: (i) whether a specific alter ego claim belongs to the Debtors' estates or an individual creditor, and (ii) whether a trustee can pursue an alter ego claim that it holds as an independent cause of action without an underlying legal claim belonging to the estate. As to the first issue, the YPF Appellants' position has remained consistent and the Trust's argument to the contrary is misleading and wrong.

11.  As to the second issue, the law is clear that the Trust lacks standing to assert claims that belong to creditors.[4] While the Trust concedes that "the Trust is not the successor to the individual claims of creditors" (Opp. 13), it attempts to circumvent this prohibition by simply labeling every creditor's proof of claim as falling within its alter ego claim. Indeed, the alter ego claim specifically requests that Appellants "should be jointly and severally liable to the Liquidating Trust for all claims and liabilities asserted by Debtors' creditors in the Chapter 11 Cases." (Compl. 74.) Moreover, while the Trust's counsel conceded at oral argument that no court has previously permitted an alter ego claim to proceed that is supported solely by creditors' claims (Jan. 22 Tr.

---

[4] The Trust's attempt to distinguish the Supreme Court and Third Circuit precedent in a footnote based upon factual differences in those cases does not alter the controlling principle of law, which prohibits the Trust from pursuing creditor claims. (Trust Br. 14 n.12.) Moreover, the Trust fails to address or distinguish the more factually analogous decision in *Trenwick*, which follows *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 434 (1972). *See Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, No. 1571-N, 2006 WL 4782378, at *19 (Del. Ch. Aug. 10, 2006).

153:9-12), and the Trust does not even address the cases cited by the YPF Appellants, which uniformly dismiss alter ego claims when they are based only upon creditors' claims.[5] The Bankruptcy Court's disregard of this law and its decision to change how bankruptcy works if an alter ego allegation is made present a controlling question of law that warrants interlocutory review.

## II. The Allegations in the Complaint Do Not Satisfy Any of the Factors Required for Applying the Collapsing Doctrine

12. The YPF Appellants established that the Bankruptcy Court improperly relied upon the collapsing doctrine to expand the statute of limitations for the fraudulent transfer, unjust enrichment, and civil conspiracy claims. (YPF Br. 12-16.) The Trust does not dispute that the collapsing doctrine cannot be applied to its unjust enrichment and civil conspiracy claims as a matter of law. Therefore, the Bankruptcy Court's decision with respect to these claims must be reversed.[6]

13. With respect to the Trust's argument that the Bankruptcy Court's application of the collapsing doctrine to its fraudulent transfer claims presents an issue of fact, not law (Opp. 17), the Trust simply ignores the facts pled in the Complaint, which conclusively establish that the collapsing doctrine cannot be applied to the Trust's fraudulent transfer claims. Indeed, as the Trust

---

[5] See, e.g., U.S. Bank Nat'l Assn. v. Verizon Commc'ns, Inc., 761 F.3d 409, 442 (5th Cir. 2014)(affirming dismissal of alter ego claim based solely on a debtor's creditors' claims); Yaquinto v. Ward (In re Ward), 558 B.R. 771, 788-89 (Bankr. N.D. Tex. 2016)(same).

[6] The Trust's attempt to salvage its time-barred unjust enrichment claim absent collapsing by distinguishing Miller v. Kirkland & Ellis LLP (In re IH 1, Inc.), No. 12-50713, 2016 WL 6394296 (Bankr. D. Del. Sept. 28, 2016), is unavailing. Delaware law does not recognize tolling based on adverse domination, and the Trust has cited no authority warranting a deviation. See, e.g. id. at *17; Eugenia VI Venture Holdings, Ltd. v. Maplewood Holdings LLC (In re AMC Investors, LLC), 524 B.R. 62, 81 (Bankr. D. Del. 2015). The Trust's mention of laches provides no additional relief. Vichi v. Koninklijke Philips Electronics N.V., No. 2578-VCP, 2009 WL 4345724, at *16 (Del. Ch. Dec. 1, 2009)(unjust enrichment claims "presumptively are subject to the statute of limitations, and mere invocation of laches terminology will not render them timely").

6

acknowledges, where a complaint's factual allegations do not support collapsing transactions, courts will grant motions to dismiss as a matter of law.[7] Here, there are no issues of fact to be resolved, as the Complaint *on its face* falls short of the threshold pleading requirement of supporting a plausible inference that (i) both the Repsol Defendants and the YPF Appellants knew, or could have known, of *all* of the steps of a "single integrated scheme" in 1996 before Repsol acquired a controlling interest in YPF, (ii) the YPF Appellants knew in 1996 that Repsol would acquire YPF in 1999 and transfer assets away from YPF entities, or (iii) Repsol knew in 1996 that the YPF Appellants would decide that the Debtors should proceed with commencing insolvency proceedings in 2016, years after Repsol was no longer affiliated with YPF. Thus, the Trust's allegations do not meet the minimum pleading requirements to apply the collapsing doctrine. Similarly, the Trust fails to dispute that no court has ever applied "collapsing" to encompass transactions spanning decades by different corporate owners, and permitting such a case to proceed would make a mockery of statutes of repose. Accordingly, no further factual record needs to be developed and the Bankruptcy Court's application of the collapsing doctrine to save time-barred fraudulent transfer claims presents a controlling issue of law.

**III.     Granting Leave to Appeal Will Materially Advance the Litigation**

14.     Interlocutory review of the controlling questions of law will result in reversal of the Bankruptcy Court's order and dismissal of all or substantially all of the Trust's claims. The Trust's assertion that even reversal will not materially advance the litigation because a "self-piercing" claim by the Debtors to recover their own damages would remain ignores the facts that the Trust has not asserted any such cause of action. Count I of the Complaint is solely for recovery of claims

---

[7] Opp. 17 n.13; *see, e.g., Impala Platinum Holdings Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. 16-1343, 2016 WL 8256412, at *13 (E.D. Pa. Sept. 16, 2016).

7

and liabilities of the Debtors' creditors, not for any alleged damages suffered by the Debtors, which is precisely why it must be dismissed. (Compl. 74.) Further, any such claim would be time barred.

15.  The Trust's remaining argument that this litigation would not be materially advanced because a reversal of the Bankruptcy Court's ruling would lead to a multiplicity of individual actions by "the individual creditors . . . becom[ing] the proper parties to litigate their individual alter-ego based claims" (Opp. 19) is squarely contradicted by black letter law. None of the parties disputes that alter-ego based remedies for the underlying claims asserted in the Complaint are generalized remedies belonging to the Debtors and were assigned to the Trust. *See In re Emoral*, 740 F.3d 875 (3d Cir. 2014). Accordingly, creditors cannot "become the proper parties" to pursue alter-ego "claims." Instead, as detailed above, the Trust is the proper party to assert alter ego liability for the fraudulent transfer and other claims properly belonging to the Debtors that were assigned to the Trust, but those claims are time-barred. Therefore, granting leave to appeal this controlling issue of law will materially advance the termination of this litigation through a dismissal of the standalone alter ego claim and a determination that collapsing cannot be used to revive the other time-barred claims, which will dramatically reduce the scope of these proceedings.

## CONCLUSION

WHEREFORE, the YPF Appellants respectfully request that this Court exercise its discretion to consider this Appeal on an interlocutory basis.

Dated:  April 10, 2019
       Wilmington, Delaware

LANDIS RATH & COBB LLP

*/s/ Matthew B. McGuire*
_____
Adam G. Landis
Matthew B. McGuire
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

– and –

SIDLEY AUSTIN LLP
James F. Conlan (admitted *pro hac vice*)
Jessica C. Knowles Boelter (admitted *pro hac vice*)
One South Dearborn Street
Chicago, Illinois 60603
Telephone:  (312) 853-7000
Fax:  (312) 853-7036
jconlan@sidley.com
jboelter@sidley.com

SIDLEY AUSTIN LLP
John G. Hutchinson (admitted *pro hac vice*)
John J. Kuster (admitted *pro hac vice*)
Martin B. Jackson (admitted *pro hac vice*)
Andrew P. Propps (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
jhutchinson@sidley.com
jkuster@sidley.com
mjackson@sidley.com
apropps@sidley.com

*Counsel for Appellants YPF S.A., YPF International S.A., YPF Holdings, Inc., and CLH Holdings, Inc.*

## Certification of Compliance

Undersigned counsel certifies that this document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C). Excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,598 words.

Dated: April 10, 2019

_____
Matthew B. McGuire (No. 4366)